**The STATE of Ohio, Appellee,**

v.

**KUYPER, Appellant.**

[Cite as *State v. Kuyper* (1997), 121 Ohio App.3d 158.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–11–112.

Decided July 14, 1997.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Rachel A. Hutzel,* Assistant Prosecuting Attorney, for appellee.

*Hal R. Arenstein,* for appellant.

---

WALSH, Judge.

Defendant-appellant, Gary W. Kuyper, appeals the dismissal of his petition for postconviction relief.

Appellant was indicted on six counts of rape in violation of R.C. 2907.02(A)(1)(b) and one count of felonious sexual penetration in violation of R.C. 2907.12(A)(1)(b). On May 22, 1992, appellant pled guilty to two counts of attempted rape in violation of R.C. 2907.02(A)(1)(b). He was sentenced to two concurrent sentences of five to fifteen years in prison. Appellant did not file a direct appeal from this judgment.

On June 7, 1996, appellant filed a petition for postconviction relief claiming that his defense attorney, the prosecutor, and the trial court judge improperly induced him into entering a plea of guilty with the false promise that he would be granted super-shock probation after serving three and one-half years of his sentence and participating in a sex offender treatment program. In response to appellant's petition, the trial court reviewed the transcript from the May 22, 1992 proceeding, the affidavits filed with appellant's petition, and other pertinent parts of the record. The court concluded that appellant "was never promised that he would be released after serving three and one-half years of his sentence."[1] The trial court found that there were no substantive grounds for relief and denied appellant's petition without a hearing.

■ In his sole assignment of error, appellant states that the trial court erred by dismissing his petition without a hearing. Appellant argues that because his petition was based on facts outside the record, it was error to dismiss his petition after considering only matters contained in the record. Appellant's assignment of error is not well taken.

R.C. 2953.21 governs petitions for postconviction relief. It states:

"(C) * * * Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but

---

1. The court did not address appellant's participation in a sex offender treatment program.

not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript."

In *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 826, the Supreme Court of Ohio held that a petition for postconviction relief may be dismissed without a hearing "when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."

■ A petitioner's own self-serving declarations or affidavits are insufficient to rebut a record which shows that the plea was voluntary. *Id.* However, an affidavit from defense counsel may be sufficient to rebut the record and require an evidentiary hearing. *Id.*

In this case, appellant did not submit evidentiary documents containing sufficient operative facts to show that his guilty plea was induced by false promises. The transcript of the May 22, 1992 proceeding plainly shows that the trial court did not promise appellant that he would be released on probation after three and one-half years and after participating in a sex offender treatment program, as appellant claims. Instead, the court stated that it would not consider granting probation until after three and one-half years had passed.[2] In addition, the prosecuting attorney stated that if appellant completed the course for sex offenders, the state would recommend appellant for probation after three and one-half years.

Appellant submitted six affidavits in support of his petition. These include the affidavit of appellant; his defense attorney; his mother; sister; Nadine Sherman, an acquaintance; and Dr. David Ellis, Director of the Sex Offender Risk Reduction Center. None of these affidavits is sufficient to rebut the record on review, which shows that appellant's plea was voluntary. Appellant's own self-serving affidavit is insufficient to do so. *Kapper*, 5 Ohio St.3d at 38, 5 OBR at 96, 448 N.E.2d at 825–826. The affidavit of appellant's attorney merely confirms that the trial court told appellant he "would be *considered* for Super Shock probation after he served three and a half years." (Emphasis added.) The affidavits of appellant's mother, sister and Sherman do not allege that false promises were made to appellant, but that appellant's attorney told them that

---

2. At the May 22, 1992 proceeding, the trial court stated:

"If you enter a plea of guilty to these two charges of attempted rape today, I intend to give you a sentence of not less than five nor more than 15 years on each count, and I intend to make those two sentences concurrent with each other.

"I also would advise you that I will not consider granting shock probation under this sentence for at least three and a half years * * *."

appellant would serve only three to three and one-half years before being released on probation. The affidavit of Dr. Ellis seems to indicate that appellant was unable to complete a sex offender program due to institutional constraints. However, there. is no indication that appellant's failure to complete the sex offender program was a factor in the trial court's decision dismissing appellant's request for probation.

Finally, we observe that the transcript of the May 22, 1992 hearing indicates that the trial court fully complied with Crim.R. 11 when it accepted appellant's guilty plea. Compliance with Crim.R. 11 is meaningful in this context in that it ensures that the trial court personally informed the defendant of his rights, and the consequence of his plea and determined that the plea was knowingly and voluntarily made. *Kapper,* 5 Ohio St.3d at 38, 5 OBR at 96, 448 N.E.2d at 825–826.

Because appellant failed to submit evidentiary documents demonstrating that his guilty plea was induced by false promises or that there were any other substantive grounds for relief, the trial court did not err in dismissing appellant's petition for postconviction relief without a hearing. The assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The sentencing judge had no reason to suggest that appellant would be considered for shock probation after three and one-half years of the sentence had been served unless the judge believed he would grant such a motion or made the statement to induce the plea.

Such a play on words, "consider" "promise," and appellant's discussions with the prosecutor and defense counsel subjectively sent hope and promise to appellant, to the extent that he did not appeal and he waited three and one-half years to seek relief.

I believe the circumstances should allow for a hearing on appellant's postconviction release petition.