OPINION
{¶ 1} Defendant-appellant, Brad Isbell, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief. We affirm the decision of the trial court.
 {¶ 2} Pursuant to a negotiated plea agreement, appellant pled guilty to aggravated murder, aggravated robbery, and witness intimidation. As a result, the state agreed that appellant would be sentenced to 30 years to life in prison on the aggravated murder charge. The state also agreed that any sentence for the witness intimidation charge would be served concurrent to the life sentence. No agreement was made with regard to the sentence for aggravated robbery. The trial court accepted appellant's plea after completing a thorough Crim.R. 11(C) colloquy.
 {¶ 3} Appellant was convicted on all counts and sentenced to 30 years to life in prison on the aggravated murder conviction, a four-year consecutive prison term on the aggravated robbery conviction, and a three-year concurrent prison term on the witness intimidation conviction. Although reversing an order that appellant pay appointed counsel costs, this court affirmed appellant's convictions and prison sentences on appeal. SeeState v. Isbell, Butler App. No. CA2002-07-160, 2003-Ohio-4751.
 {¶ 4} In April 2003, appellant filed a petition for postconviction relief alleging that his trial counsel was ineffective and that the aggravated murder conviction was not supported by sufficient evidence. The state filed a motion to dismiss the petition on res judicata grounds. In a thorough decision granting the motion to dismiss, the trial court considered each of appellant's grounds for relief and made findings of fact and conclusions of law with regard to each. Appellant appeals the dismissal of his petition. Although not succinctly articulated in his brief, the crux of appellant's appeal is that the trial court erred by dismissing his petition for postconviction relief without a hearing.
 {¶ 5} In support of this contention appellant raises four arguments. His first three arguments allege that his trial counsel was ineffective. Because they involve related issues, these three arguments will be addressed together. They are:
 {¶ 6} "1.) Counsel scared the appellant into his guilty plea. By telling the appellant to plea guilty or else he was going to get the death penalty.
 {¶ 7} "2.) Counsel worked a plea agreement with the prosecutor's office for twenty years to life, and all sentences was [sic] to run concurrent to each other. This was promised to the appellant by his counsel.
 {¶ 8} "3.) Counsel therefore told the appellant to lie in court and say that `Nothing was promised to him for his guilty plea.' Were [sic] in fact the appellant was promised a sentence of twenty (20) year [sic] to life, and all other sentences to be ran [sic] concurrent to each other."
 {¶ 9} A criminal defendant who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun, 86 Ohio St.3d 279, 282, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. In addition, before a hearing is warranted, the petitioner must demonstrate that the claimed errors "resulted in prejudice." Id. at 283. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284 (stating that the postconviction relief statute "clearly calls for discretion in determining whether to grant a hearing").
 {¶ 10} To establish a claim of ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. Strickland v.Washington (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065. Therefore, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson
(1980), 64 Ohio St.2d 107, syllabus. In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 59,106 S.Ct. 336, 370.
 {¶ 11} Appellant first alleges that his trial counsel was ineffective for "scaring" him into accepting the plea agreement because he would otherwise face the death penalty. We agree with the trial court's conclusion that trial counsel's statement "would not establish that [his] plea was coerced because such a statement was factually accurate." Appellant was charged with a capital offense, punishable by death. He has produced no evidence that his plea was anything other than a reasonable choice since he would face a possible death sentence if the matter proceeded to trial. Further, review of the transcript of the plea hearing reveals that appellant twice told the trial court that no one had forced or threatened him into accepting the plea agreement.
 {¶ 12} Appellant's second and third arguments allege that trial counsel was ineffective because the sentence imposed was contrary to the plea agreement as appellant understood it. Appellant asserts that pursuant to the plea agreement, he was to be sentenced to concurrent prison terms on all counts, and that the prison sentence on the aggravated murder charge would be 20 years to life in prison.
 {¶ 13} Contrary to appellant's assertions, review of the transcript of the plea hearing reveals that the trial court informed appellant at least four times that he faced a minimum sentence of 30 years to life in prison. Each time appellant indicated that he understood and indicated that no other promises had been made to him. The record of the plea hearing has greater probative value than appellant's self-serving, contradictory affidavit standing alone. See State v. Kuyper (1997),121 Ohio App.3d 158, 161.
 {¶ 14} We further note that, in general, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21.State v. Kapper (1983), 5 Ohio St.3d 36, 38; State v.Williams (1991), 74 Ohio App.3d 686, 699. The only evidence submitted by appellant which supports his ineffective assistance of counsel claim is his own affidavit in which he makes several self-serving statements which attempt to impugn trial counsel's performance. This evidence by itself is insufficient to mandate a hearing or to justify granting the petition for postconviction relief. Kapper at 38; Williams at 699.
 {¶ 15} Appellant's fourth argument alleges that "[t]he murder conviction is not supported by any evidence." This contention fails for two reasons.
 {¶ 16} First, appellant's guilty plea constituted "a complete admission of [his] guilt." Crim.R. 11(B)(1). By entering the plea, appellant waived the right to require the state to prove his guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c). Consequently, there is no evidence to consider, and the trial court was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea. See State v. Caldwell (2001), Butler App. No. CA99-08-144, citing State v. Wood (1976), 48 Ohio App.2d 339,344. Appellant's plea provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction.
 {¶ 17} Second, arguments challenging the sufficiency of evidence to support a criminal conviction are claims that can be raised on direct appeal, and therefore are barred by res judicata for purposes of collateral proceedings, such as a postconviction relief proceeding. See State v. Szefcyk, 77 Ohio St.3d 93, 96,1996-Ohio-337 (citations omitted).
 {¶ 18} For the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's decision dismissing appellant's motion for postconviction relief without a hearing.
 {¶ 19} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Powell, J., concur.