OPINION
{¶ 1} Defendant-appellant, Shawn Lawhorn, appeals his convictions in the Mason Municipal Court for violation of a protection order and disorderly conduct. We affirm the convictions.
 {¶ 2} On March 20, 2006, the Domestic Relations Division of the Butler County Court of Common Pleas granted appellant's wife, Kathy Lawhorn, an ex parte temporary protection order. Appellant is a resident of Hamilton County, while his wife resides in Warren County. *Page 2 
On March 22, Appellant was charged with violating the ex parte order, in violation of Mason Municipal Code 537.15, and aggravated menacing in violation of Mason Municipal Code 537.05. Appellant entered into a negotiated plea agreement, in which he pled guilty to violating the protection order, and to a reduced charge of disorderly conduct. The trial court accepted appellant's plea on April 10, 2006, and he was sentenced.
 {¶ 3} On May 3, 2006, the domestic relations court dismissed the ex parte order for lack of venue. On May 8, 2006, appellant moved to dismiss the criminal charges based on the dismissal of the ex parte order. At a hearing on the motion he also moved the court to allow him to withdraw his plea. The trial court took the matter under advisement.[1] Appellant filed a notice of appeal on May 11, 2006.
 {¶ 4} In a single assignment of error, appellant queries: "Does a refusal by the trial court to correct a clear jurisdictional violation — not known by the Defendant at the time of the plea — amount to `Plain Error' or an abuse of discretion?"
 {¶ 5} First, we note that, while the domestic relations court lacked proper venue to issue the ex parte order, see R.C. 2903.214, the trial court had jurisdiction over appellant's alleged criminal conduct. See R.C. 1901.20(A)(1) ("the municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory * * * and of the violation of any misdemeanor within the limits of its territory"); R.C. 1901.02(B); Mason Municipal Code 509.03 and 537.15.
 {¶ 6} Appellant's guilty plea constituted "a complete admission of [his] guilt." Crim. R. 11(B)(1). By entering the plea, appellant waived the right to require the state to prove his guilt beyond a reasonable doubt. Crim. R. 11(C)(2)(c). Consequently, there is no evidence to *Page 3 Warren CA2006-05-060 consider, and the trial court "was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea." See State v. Isbell, Butler App. No. CA2003-06-152, 2004-Ohio-2300, ¶ 16; State v. Caldwell (2001), Butler App. No. CA99-08-144, citing State v. Wood (1976),48 Ohio App.2d 339, 344. Appellant's plea "provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction."Isbell at ¶ 16.
 {¶ 7} To the extent that appellant's argument relates to his motion to dismiss and motion to withdraw his guilty plea, those issues are not properly before this court. It is well-settled that the filing of a notice of appeal divests the trial court of jurisdiction to consider a motion to withdraw a plea. State v. Winn (Feb. 19, 1999), Montgomery App. No. 17194, citing State v. Haley (July 7, 1995), Greene App. Nos. 94-CA-89, 94-CA-108, and 94-CA-109. "This is consistent with the general rule that after appeal, trial courts retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. * * * A motion to withdraw a plea is not a collateral issue, because it potentially directly impacts an appeal." Winn, 1999 Westlaw 76797 at *5; accordState v. Jackson (Mar. 30, 2001), Miami App. No. 2000-CA-48; State v.Godfrey (Feb. 28, 2000), Licking App. No. 99CA95. Consequently, the trial court was without jurisdiction to rule on appellant's motions after he filed a notice of appeal, and any ruling rendered by the trial court is a nullity. See In re Estate of Meyer, 63 Ohio App.3d at 457. Accord, State v. Morgan, Cuyahoga App. No. 87793, 2007-Ohio-398. The assignment of error is overruled.
 {¶ 8} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] The parties' appellate briefs reference a decision rendered by the trial court On May 25, 2006, denying appellant's motion to dismiss and to withdraw his guilty plea. This decision is not part of the record on appeal, and because it was rendered after appellant filed his notice of appeal, it has no bearing on this appeal. See In re Estate of Meyer
(1989), 63 Ohio App.3d 454, 457, fn. 2 ("[i]t is settled that the filing of a notice of appeal divests the trial court of jurisdiction and that any subsequent ruling or order by the trial court is null and void"). *Page 1