OPINION
{¶ 1} Defendant-appellant Joseph M. Feuerbach appeals from his conviction and sentence, following a guilty plea, to one count of Possession of Cocaine, a felony of the fifth degree, and one count of Possession of Criminal Tools, a felony of the fifth degree. Feuerbach was sentenced to imprisonment for one year on each count, to be served concurrently. *Page 2 
 {¶ 2} Feuerbach's appellate counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that she has found no potential assignments of error having arguable merit. By entry filed July 24, 2007, we informed Feuerbach that his appellate counsel had filed an Anders brief, and afforded him the opportunity to file his own, pro se brief, within sixty days of that entry. He has not filed a brief.
 {¶ 3} In her Anders brief, Feuerbach's appellate counsel identified three potential assignments of error, rejecting each of them as having no arguable merit. The first of these concerned the State's failure "to offer the underlying facts" with respect to each of the counts to which Feuerbach pled guilty. Counsel notes that this is not required in felony cases, the defendant's guilty plea constituting a complete admission of guilt, thereby waiving the State's obligation to present evidence of guilt, citing State v. Isbell, 2004-Ohio-2300, Butler App. No. CA2003-06-152.
 {¶ 4} We have performed our duty, under Anders v. California, supra, to review the record independently to determine whether there are any potential assignments of error having arguable merit. In doing so, we note that in Feuerbach's petition to enter a guilty plea, at paragraph 6, which appears to be a boilerplate portion of the form, it is recited that: "I know that the Court must be satisfied that there is a factual basis for a plea of `Guilty' before my plea can or will be accepted." Even though the trial court is not required, in felony cases, to satisfy itself that there is a factual basis for a guilty plea, the presence of this language in the petition that Feuerbach was required to sign arguably entitled him to rely upon the fact that the trial court would satisfy itself that there was a factual basis for his plea. Nevertheless, we conclude from this record that the trial court did satisfy itself that there was a factual basis for the plea. First, the "Certificate of Counsel" appended to *Page 3 
Feuerbach's petition to plead guilty contains the following statement: "4. The plea of `Guilty' offered by the Defendant in paragraph 16 accords with my understanding of the facts he related to me and is consistent with my advice to the Defendant." This implies that Feuerbach's trial counsel, after consulting with Feuerbach, satisfied himself that there was a factual basis for Feuerbach's guilty plea. Second, at the plea hearing, which involved Feuerbach and two other defendants in unrelated criminal proceedings, the following colloquy occurred:
 {¶ 5} "THE COURT: The Court will accept the waiver in each of your cases. I'm going to ask the Prosecuting Attorney at this time what the facts are in each of these cases. I would like for you to listen to what the Prosecuting Attorney has to say, because at the conclusion of the State, I'm going to ask you all a couple more questions. Mr. Hayes.
 {¶ 6} "MR. HAYES:. . . .
 {¶ 7} "With regard to Case No. 2007-CR-769, the State of Ohio-vs-Joseph M. Feuerbach, Count I of the Indictment, the State of Ohio is prepared to prove that the Defendant, Joseph M. Feuerbach, on or about August 13th, 2006, in Greene County, Ohio, did knowingly obtain, possess or use a controlled substance, to wit: Cocaine, contrary to and in violation of Section 2925.11(A) of the Ohio Revised Code and against the peace and dignity of the State of Ohio, Count I being Possession of Cocaine, a felony of the fifth degree.
 {¶ 8} "With regard to Count II of that Indictment, the State of Ohio is prepared to prove that the Defendant, Joseph M. Feuerbach, on or about August 13th, 2006, in Greene County, Ohio, did possess or have under his control any substance, device, instrument or *Page 4 
article with purpose to use it criminally, and the circumstances indicate that the substance, device, instrument or article involved in the offense was intended for use in the commission of a felony. That is contrary to and in violation of Section 2923.24 of the Ohio Revised Code and against the peace and dignity of the State of Ohio, Count II being Possession of Criminal Tools, a felony of the fifth degree.
 {¶ 9} "
 {¶ 10} "THE COURT: Were each of you able to hear what the Prosecuting Attorney just said?
 {¶ 11} "
 {¶ 12} "DEFENDANT FEUERBACH: Yes.
 {¶ 13} "
 {¶ 14} "THE COURT: Do you understand that he was describing the charge or charges to which you are pleading and also describing the conduct that the State indicates you committed?
 {¶ 15} "
 {¶ 16} "DEFENDANT FEUERBACH: Yes, sir.
 {¶ 17} "
 {¶ 18} "THE COURT: Mr. Feuerbach, as to the charges described by the Prosecuting Attorney, how do you wish to plead?
 {¶ 19} "DEFENDANT FEUERBACH: Guilty."
 {¶ 20} The State's recital of facts was conclusory, in the words of the statutes prescribing the two offenses to which Feuerbach was pleading guilty. But there is no independent requirement, with respect to the taking of a plea of guilty to a felony, that the *Page 5 
trial court elicit a recitation of the facts from the State. The only arguable requirement in this case would come from the prescribed petition to plead guilty that Feuerbach was required to, and did, sign, which merely recites that the trial court "must be satisfied that there is a factual basis for a plea of `Guilty' ." In our view, the recitation by Feuerbach's trial counsel, in the certificate accompanying Feuerbach's petition, together with the State's representation, at the plea hearing, that it was prepared to prove the elements of each offense, permitted the trial court to be satisfied that there was a factual basis for the plea, assuming that Feuerbach was entitled to rely upon the recitation in the plea petition that he signed that the trial court must be so satisfied.
 {¶ 21} We conclude, therefore, that no potential assignment of error having arguable merit can be predicated upon the trial court's failure to have elicited a more specific recitation of the facts upon which the charges against Feuerbach were based.
 {¶ 22} Feuerbach's appellate counsel next considers the issue that the trial court failed to inform Feuerbach that in the event he should be subject to post-release control by the Ohio Adult Parole Authority, he would be subject to certain sanctions for violating the terms thereof, having stated that:
 {¶ 23} "THE COURT: Let me discuss the prison option first. In Ohio, when a person receives a prison term, they should expect they will do the entire prison term, which means, using Mr. Woods[1] as an example, he will expect to do the one-year term less any jail time credit he may have earned here in Greene County. *Page 6 
 {¶ 24} "Upon release from prison in the other two cases, post-release control is optional to a maximum period of three years. That means if they choose to impose post-release control, then that may be a requirement that you must follow certain terms and conditions monitored by a Parole Officer. It's important to understand that if that occurs to appreciate the fact there are consequences for violating those terms and conditions which you need to understand at the time of this plea.
 {¶ 25} "Those consequences include the Parole Board imposing tougher, more restrictive or longer sanctions upon you. It also includes the authority that the Parole Board has to actually return the offender to prison. They can do it for one violation, multiple violations or successive violations, and they can send you back for up to nine months per violation. However, they can never send you back, in total, when you add up all the violations, for more than half of the original sentence imposed.
 {¶ 26} "
 {¶ 27} "The final way the violation of post-release control has a consequence is if he commits a new felony while out on the street and you're on post-release control. At the sentencing hearing for that new felony, you could receive an additional punishment in the form of an additional prison term because of that status. That new prison term has a simple definition. It's the greater of either one year of the amount of time remaining yet to do on post-release control in this case. The amount of time, by that definition, could be given as an additional prison term, and, if given, it could be consecutive to any prison term for that new felony.
 {¶ 28} "Now, what I have just described for you is the prison option and everything that flows from that option. At this time do you understand that, Mr. Woods? *Page 7 
 {¶ 29} "DEFENDANT WOODS: Yes, Your Honor.
 {¶ 30} "THE COURT: Mr. Feuerbach?
 {¶ 31} "DEFENDANT FEUERBACH: Yes, Your Honor." (Italics added.)
 {¶ 32} Feuerbach's appellate counsel points to the italicized "may" as possibly being a deficiency in the trial court's explanation of the possibility that Feuerbach could face adverse consequences as a result of violating the terms of any post-release control that might ultimately be imposed in his case. Feuerbach's appellate counsel concludes, nevertheless, that any possible ambiguity in this regard was clarified by the sentencing entry. We conclude that the explanation, quoted above, taken in its entirety, constituted a satisfactory explanation of the concept of post-release control. No reasonable person, hearing that explanation, could doubt that there would be serious adverse consequences resulting from a violation of any of the terms and conditions that might be imposed as part of post-release control. We conclude, therefore, that there is no potential assignment of error having arguable merit arising from the trial court's explanation of post-release control.
 {¶ 33} Feuerbach's appellate counsel next considers a potential assignment of error having to do with the imposition of maximum sentences for the two fifth-degree felonies to which Feuerbach pled guilty, but concludes that there is no potential assignment of error having arguable merit along those lines in view of the decision of the Supreme Court of Ohio in State v. Foster, 2006-Ohio-856. We agree.
 {¶ 34} On the issue of sentencing, we note that although Feuerbach received the maximum sentence of one year on each count, the sentences were imposed concurrently, not consecutively. Notably, the State had agreed, as part of the plea bargain, to recommend the imposition of community control sanctions, rather than imprisonment. But *Page 8 
Feuerbach himself, at sentencing, expressed a preference for imprisonment:
 {¶ 35} "THE COURT: Does Counsel for the Defendant wish to say anything?
 {¶ 36} "MR. SHUMAKER: Your Honor, Mr. Feuerbach has no prior felony convictions. He was honest with the Police at his arrest and he wouldprefer prison, to seek treatment in prison as opposed to the otheroption.
 {¶ 37} "THE COURT: Mr. Feuerbach, before the Court proceeds to disposition, you're entitled to make a statement, if you wish. You're not required to say anything, but if you want to say something, I'm certainly willing to listen.
 {¶ 38} "THE DEFENDANT: No, sir." (Emphasis added.)
 {¶ 39} The trial court awarded Feuerbach a jail time credit of 138 days, which, when credited against the one-year sentence, leaves a balance of 227 days, less than eight months. In denying Feuerbach's motion for intervention in lieu of conviction, the trial court had previously found:
 {¶ 40} "The Court FINDS that the defendant has been recommended by Dr. Massimo DeMarchis, Psy. D., LICDC, of the Forensic Psychiatry Center for Western Ohio, for a 30 to 90 day residential treatment program in a therapeutic community-style program. The defendant will therefore be best placed in the GreeneLeaf Therapeutic Community Program in the Greene County Jail which requires that the defendant be convicted sothat he may be sentenced to a six month jail sanction for purposes ofcompleting the program." (Emphasis added.)
 {¶ 41} With the jail-time credit, the trial court may reasonably have concluded that a one-year term was needed to ensure that Feuerbach receive the treatment that the trial court, and evidently Feuerbach, himself, concluded that he needed. *Page 9 
 {¶ 42} We conclude that no potential assignment of error having arguable merit can be predicated upon the sentence imposed upon Feuerbach.
 {¶ 43} As noted previously, we have performed our independent duty, under Anders v. California, supra, to review the record. We have found no potential assignments of error having arguable merit, and conclude that this appeal is wholly frivolous. Consequently, the judgment of the trial court is Affirmed.
WOLFF, P.J., and GRADY, J., concur.
[1] Terry E. Woods was one of the other two defendants whose plea, to an unrelated offense, was accepted along with Feuerbach's. By agreement, Woods's sentence was going to be one year in prison. *Page 1