[Cite as *State v. Conn*, 2015-Ohio-5037.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2015-05-045 |
| | : | O P I N I O N |
| - vs - | | 12/7/2015 |
| | : | |
| ANTHONY CONN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13-CR-29504

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Anthony Conn, #A699225, Allen Oakwood Correctional Institution, P.O. Box 4501, Lima, Ohio 45801, defendant-appellant, pro se

**PIPER, P.J.**

{¶ 1}  Defendant-appellant, Anthony Conn, appeals a decision of the Warren County Court of Common Pleas denying his petition for postconviction relief.

{¶ 2}  Conn was indicted on 50 counts, all related to the manufacturing, possession, and trafficking of steroids.  Conn filed a motion to suppress, claiming that evidence seized and statements elicited from him during the police investigation were done so illegally.

However, before the trial court considered the motion to suppress, Conn pled guilty to eight counts and a forfeiture specification, and the state dismissed the other 42 charges. The trial court held a sentencing hearing, and ordered Conn to serve an aggregate five-year sentence, some of which was consecutive in nature.

{¶ 3} Conn appealed his convictions and sentence, raising five assignments of error for this court's consideration. *State v. Conn*, 12th Dist. Warren Nos. CA2014-04-059, CA2014-04-061, and CA2014-06-084, 2015-Ohio-1766. In his direct appeal, Conn argued that his trial counsel was ineffective for failing to file an affidavit of indigency, his sentence was contrary to law, his sentence was cruel and unusual punishment, his indictment was fatally flawed, and the forfeiture of his vehicle was contrary to law. This court affirmed in all respects, except that the trial court failed to make requisite statutory findings before ordering Conn to serve consecutive sentences. We therefore remanded the case so that the trial court could make the statutory findings and resentence Conn accordingly. After our remand, the trial court resentenced Conn to a four-year aggregate sentence.

{¶ 4} Conn filed a petition for postconviction relief, arguing that his trial counsel was ineffective for not pursuing the motion to suppress before counseling him to plead guilty. The trial court denied Conn's petition for postconviction relief. Conn now appeals the trial court's decision to deny his petition for postconviction relief, raising five assignments of error. Within the assignments of error, Conn essentially argues that his trial counsel was ineffective for not pursuing his motion to suppress for various reasons. However, we find Conn's arguments barred by res judicata.

{¶ 5} The doctrine of res judicata provides that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 6} Res judicata is a proper basis for dismissing a petition for postconviction relief "when the defendant, represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence outside the record." *State v. Sturgill*, 12th Dist. Clermont Nos. CA2014-01-003 and CA2014-07-049, 2014-Ohio-5082, ¶ 13. Even so, an exception exists if "the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18. "For a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial." *State v. Dudas*, 11th Dist. Lake Nos. 2007-L-140 and 2007-L-141, 2008-Ohio-3262, ¶ 74.

{¶ 7} After reviewing the record, we find that Conn's arguments are barred by res judicata because he should and could have raised them in his first direct appeal. Conn, who was represented by different counsel at trial than on appeal, argued that his trial counsel was ineffective in his direct appeal, and could have, at that time, addressed specifically the issue regarding the motion to suppress. This is especially true where Conn's trial counsel filed the motion to suppress so that the record contained and made reference to pertinent information regarding the police investigation that Conn challenged in his petition for postconviction relief.

{¶ 8} The motion to suppress alleged that all evidence should have been suppressed because the police's electronic surveillance was illegal, the warrants were faulty and executed illegally, the police tactics used during the investigation were illegal, and all statements made by Conn were illegally elicited. These bases raised in the motion to

suppress are the same bases as Conn asserted in his petition for postconviction relief, and the same he now asserts on appeal. As such, we find that Conn's arguments are barred by res judicata because they are not based on evidence outside the record that was not in existence and available to Conn in time to support the direct appeal. Likewise, the evidence regarding Conn's motion to suppress clearly existed or was available for use at the time of trial, as Conn's trial counsel filed a motion to suppress asserting the same exact arguments Conn now espouses.

{¶ 9} Moreover, and even if the above procedural issue was not applicable, we find that the trial court properly denied Conn's petition for postconviction relief on the merits and without first holding a hearing. A criminal defendant who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at paragraph two of the syllabus. In addition, before a hearing is warranted, the petitioner must demonstrate that the claimed errors "resulted in prejudice." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 9. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. *Id.*

{¶ 10} To establish a claim of ineffective assistance of counsel, the appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984). Therefore, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to

demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

{¶ 11} In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Isbell*, 2004-Ohio-2300. Self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition. *Id.*

{¶ 12} To support his ineffective assistance of counsel claims, Conn submitted his own affidavit in which he makes several self-serving statements in an attempt to call into question his trial counsel's performance regarding the motion to suppress. Conn's petition, affidavit, and brief to this court contain countless self-serving statements regarding what police did and said to him during their investigation, as well as his responses. However, this evidence by itself is insufficient to mandate a hearing or to justify granting the petition for postconviction relief.

{¶ 13} We would also note, and agree with the trial court's finding, that Conn has failed to demonstrate any prejudice. The record indicates that Conn was charged with 50 counts of steroid-related charges. In exchange for his guilty plea to only eight of the counts, the state agreed to dismiss the other 42 counts. There is no indication in the record that Conn would not have pled guilty had his trial counsel pursued the motion to suppress where there is no guarantee that such motion would have been granted and where Conn has never denied his factual guilt. As such, Conn has failed to demonstrate he was prejudiced by his trial counsel's representation.

{¶ 14} Having found that the trial court did not abuse its discretion in denying Conn's petition for postconviction relief, and that Conn's arguments are otherwise barred by res judicata, we overrule his assignments of error.

{¶ **15**} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.