[Cite as *State v. Peters*, 2016-Ohio-5288.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                           :

    Plaintiff-Appellee,                          :               CASE NO.   CA2015-07-066

    - vs -                                              :               O P I N I O N
                                                            :               8/8/2016

ABDUR RAHIM ALI PETERS,                     :

    Defendant-Appellant.                      :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 0264


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Abdur Rahim Ali Peters, appeals the decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief and motion to withdraw his guilty plea.  We affirm the trial court's decision.

{¶ 2}   Peters was indicted on 16 counts, including attempted aggravated murder, robbery, felonious assault, and burglary.  The allegations were that Peters, along with four co-defendants, entered the home of an alleged drug dealer with the intention of stealing

drugs and money. Armed with a gun, Peters entered the house and forced the alleged drug dealer to the floor, "pistol whipped" him, and shot him in the neck. The gunshot awoke the other two occupants of the home and Peters again "pistol whipped" one of the occupants on the head and knocked her unconscious. Peters also demanded drugs and money from the other occupant and beat her on the head with his gun.

{¶ 3} Peters initially pleaded not guilty to the charges contained in the indictment, but later withdrew this plea and entered a guilty plea to 6 of the 16 counts and the firearm specifications accompanying each of the 6 counts. Specifically, Peters entered a guilty plea to: (1) two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies; (2) three counts of felonious assault in violation of R.C. 2903.11(A)(1), second-degree felonies; (3) and one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a first-degree felony. The remaining counts and specifications were dismissed.

{¶ 4} The trial court sentenced Peters to an aggregate prison term of 27 years. Peters appealed his convictions and sentence, and this court affirmed in *State v. Peters*, 12th Dist. Clermont No. CA2014-09-069, 2015-Ohio-2013. Peters then filed a petition for postconviction relief and motion to withdraw his guilty plea, arguing that his trial counsel was ineffective. The trial court denied Peters' petition for postconviction relief and motion to withdraw his guilty plea and Peters now appeals that decision.

{¶ 5} Assignment of Error No. 1:

{¶ 6} APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF OHIO WAS VIOLATED BY THE CUMULATIVE FAILURES OF DEFENSE COUNSEL DURING PLEA NEGOTIATIONS.

{¶ 7} In his sole assignment of error, Peters argues the trial court erred by denying his petition for postconviction relief and motion to withdraw his guilty plea. We find no merit

to Peters' argument.

{¶ 8} Initially, we note that this matter is properly construed as a petition for postconviction relief. Although Peters makes reference to a motion to withdraw his guilty plea, that request was made after his convictions and accompanying sentences were affirmed in *Peters I.* A trial court is without jurisdiction to decide a motion to withdraw a guilty plea, absent a remand, once an appellate court has affirmed the conviction on direct appeal. *State v. Asher*, 12th Dist. Butler No. CA2013-12-234 2015-Ohio-724, ¶ 7, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94 (1978); and *State v. Williams*, 12th Dist. Warren No. CA2010-06-050, 2011-Ohio-1875. Accordingly, this matter is properly before this court as a petition for postconviction relief.

{¶ 9} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8. An initial petition for postconviction relief is governed under R.C. 2953.21, which provides three methods for adjudicating the petition. *State v. Chamberlain*, 12th Dist. Brown No. CA2015-03-008, 2015-Ohio-2987, ¶ 5. Specifically, when a criminal defendant challenges his conviction through a postconviction relief petition, the trial court may (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C), (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(D), or (3) hold an evidentiary hearing on the issues raised by the petition pursuant to R.C. 2953.21(E). *State v. Francis*, 12th Dist. Butler No. CA2014-09-187, 2015-Ohio-2221, ¶ 10.

{¶ 10} Under R.C. 2953.21(C) "a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State*

*v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. When a trial court reviews a postconviction relief petition filed pursuant to R.C. 2953.21, the court "should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Francis* at ¶ 11.

{¶ 11} "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34.

{¶ 12} In the present case, Peters alleges that his guilty plea was not knowing, intelligent, and voluntary because he received ineffective assistance of counsel. Peters claims that his trial counsel misunderstood the law and failed to properly advise him of the sentencing range that he faced by pleading guilty to the offenses. Peters states that based on conversations he had with his trial counsel that he had an honest belief that he would receive between 10-12 years in prison, or at most 18 years. Peters also claims that his trial counsel did not understand the mandatory time that he was facing and improperly advised him on that issue.

{¶ 13} Based on our review, we find the trial court properly denied Peters' petition for postconviction relief. To establish a claim of ineffective assistance of counsel, the appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *State v. Patrick*, 12th Dist. Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Therefore, "the petitioner bears the initial burden to

submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

{¶ 14} In the context of a guilty plea, prejudice will not be found unless a defendant demonstrates there is a reasonable probability that, if not for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Conn*, 12th Dist. Warren No. CA2015-05-045, 2015-Ohio-5037, ¶ 10. Self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition. *Id.*; *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 14.

{¶ 15} To support his ineffective assistance of counsel claim, Peters relies on his own affidavit, as well as his mother's affidavit, in which the two make several self-serving statements to allege that Peters' trial counsel was ineffective. However, this evidence by itself is insufficient to justify granting a petition for postconviction relief. The sentencing range Peters faced was set forth in the written plea form signed by Peters and was stated in open court.

> THE COURT: All tolled, that is combining them all together and running them consecutive to each other, what you are facing is a maximum basic prison term of 75 years in prison of which 12 to 18 of those years would be mandatory depending upon how the Court sentences you. Do you understand that?
>
> THE DEFENDANT: Yes, Sir.

After advising Peters of all his rights, the trial court stated:

> THE COURT: * * * [B]ut you are aware, sir, that the State of Ohio has agreed to dismiss again [Counts] 1, 2, 4, 6, 7, 10, 12, 13, 14, and 16? Those counts are being dismissed. Are you aware of that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that's in return for your plea of guilty?

THE DEFENDANT: Yes, Sir.

THE COURT: Now, other than that, other than the State's willingness to dismiss whose counts for your plea of guilty to the * * * counts that we've identified already has anyone else made any promise or threat to you to get you to change your plea from not guilty to guilty?

THE DEFENDANT: No, Sir.

THE COURT: Are you aware of all the consequences, specifically what we've talked about here this morning and what's contained in the written plea of guilty?

THE DEFENDANT: Yes, Sir.

Peters' contention that he was not aware that he was going to receive such a lengthy sentence due to representations by his counsel is unpersuasive in light of the record presented. However, even if Peters' counsel had indicated that he would likely receive a lesser sentence, "an attorney's 'mere inaccurate prediction of a sentence' does not demonstrate the deficiency component of an ineffective assistance of counsel claim." *State v. Bryant*, 10th Dist. Franklin No. 12AP-703, 2013-Ohio-5105, ¶ 32, quoting *State v. Boysel*, 3d Dist. Van Wert No. 15-10-09, 2011-Ohio-1732, ¶ 11.

{¶ 16} Despite Peters' arguments to the contrary, the record reveals that Peters understood the consequences of his plea agreement. Accordingly, we conclude that the trial court did not abuse its discretion by denying Peters' petition for postconviction relief. Peters' sole assignment of error is without merit and overruled.

{¶ 17} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.