[Cite as *State v. Wolf*, 2016-Ohio-8103.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :          CASE NO.   CA2016-05-027

                                                 :          O P I N I O N
  - vs -                                                     12/12/2016

                                                 :

BRENT D. WOLF,                                   :

    Defendant-Appellant.                       :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013-CR-0461


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Brent D. Wolf, #A695828, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1}   Appellant, Brent Wolf, appeals the decision of the Clermont County Court of Common Pleas, denying his "Motion to Correct Sentence."  For the reasons detailed below, we affirm.

{¶ 2}   Wolf pled guilty to aggravated arson and was sentenced to a five-year prison term in a sentencing entry dated November 18, 2013.  Wolf did not appeal that decision until two and one-half years later.

{¶ 3} Throughout his prison term, Wolf has filed several handwritten petitions with the trial court, asking that he be released from prison, or otherwise be committed to a treatment facility. The trial court has construed these requests as motions for judicial release and denied them.

{¶ 4} The order relevant to this appeal relates to Wolf's "Motion to Correct Sentence," which he filed with the trial court on April 4, 2016. In his petition, Wolf requested an order for resentencing on the basis that the trial court failed to advise him of his right to appeal under Crim. R. 32(B). The trial court denied Wolf's motion in an entry dated April 25, 2016.[1] Wolf now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 5} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO CORRECT SENTENCE AS THE TRIAL COURT FAILED TO NOTIFY DEFENDANT-APPELLANT AT SENTENCING OF HIS RIGHT TO APPEAL PURSUANT TO CRIM. R. 32(B)(2) AND (3), RENDERING THE SENTENCE IMPOSED CONTRARY TO LAW AND THUS VOID.

{¶ 6} We construe Wolf's "Motion to Correct Sentence" as a petition for postconviction relief. In his petition, Wolf alleges that his sentence is contrary to law and "void" because the trial court failed to notify him of his right to appeal his underlying conviction and sentence. We disagree.

{¶ 7} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Peters*, 12th Dist. Clermont No. CA2015-07-066, 2016-Ohio-5288, ¶ 9. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Curtis*, 12th Dist.

---

1. We note that Wolf filed two appeals with this court on May 19, 2016. This court dismissed the appeal of his November 18, 2013 sentencing entry on the basis of timeliness. *State v. Wolf*, 12th Dist. Clermont No. CA2016-05-031 (Judgment Entry of Dismissal). The dismissal of that case was jurisdictional and Wolf has not filed a motion for a delayed appeal.

Brown No. CA2015-02-007, 2015-Ohio-3404, ¶ 5. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8.

{¶ 8} Initially, we note that pursuant to the version of R.C. 2953.21(A)(2) in effect at the time of Wolf's sentencing entry, a convicted defendant had 180 days after the expiration of the time for filing an appeal to file a timely petition for postconviction relief. In the present case, Wolf's petition for postconviction relief is well-outside the 180-day window.

{¶ 9} While Wolf's petition for PCR is untimely, this court has held that void judgments may be challenged at any time. *State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, ¶ 26. However, this court has also held that the failure to advise a defendant of his right to appeal under Crim.R. 32(B)(2) does not render a conviction void. *State v. Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, ¶ 27.

{¶ 10} Accordingly, although the trial court failed to advise Wolf of his right to appeal under Crim.R. 32(B), such an error does not render his conviction void. Therefore, Wolf's postconviction relief petition on this issue is untimely. Moreover, Wolf fails to identify any prejudice. The only mention of prejudice contained in Wolf's brief states "[h]ad [a]ppellant been properly advised of his right to appeal, he would have raised the issues and arguments contained herein in a timely direct appeal rather than he has done, in a collateral fashion, in the case at bar." Yet, the only issue raised by Wolf is the failure to advise of his right to appeal. Wolf alleges absolutely no other error in the underlying proceedings.

{¶ 11} As a result, we find the trial court did not err by denying Wolf's petition for postconviction relief. Wolf's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.

- 3 -