[Cite as *State v. Reynolds*, 2018-Ohio-4942.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-02-005 |
| | : | O P I N I O N |
| - vs - | | 12/10/2018 |
| | : | |
| WESLEY T. REYNOLDS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20170041

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Beck Legal Services, Ltd., Robert J. Beck, Jr., P.O. Box 204, Marysville, Ohio 43040, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Wesley Reynolds, appeals his conviction and sentence in the Madison County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On December 1, 2016, appellant was indicted on three counts for his conduct involving the trafficking of drugs. On March 9, 2017, appellant was indicted on two additional counts of felony theft.

{¶ 3} Appellant was arraigned, and the matter was set for a jury trial. On the day of trial, appellant pled guilty to the three drug trafficking counts contained in the initial indictment: (1) trafficking in drugs in the vicinity of a juvenile in violation of R.C. 2925.03, a fourth-degree felony, (2) aggravated trafficking in drugs in violation of R.C. 2925.03, a fourth-degree felony, and (3) aggravated trafficking in drugs in the vicinity of a juvenile in violation of R.C. 2925.03, a third-degree felony. In addition, appellant pled guilty to an amended misdemeanor count of theft, a violation of R.C. 2913.02, a first-degree misdemeanor. The remaining theft count was dismissed.

{¶ 4} The trial court ordered a presentence investigation report. Appellant failed to meet with probation staff for the report. Appellant reported that the failure was due to his incarceration due to a probation violation.

{¶ 5} On January 23, 2018, the trial court sentenced appellant to 12 months incarceration on count one, 12 months incarceration on count two, and 30 months incarceration on count three.[1] Appellant's aggregate sentence was four and one-half years. Appellant now appeals, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT DID ERR BY FAILING TO ADVISE THE DEFENDANT OF THE IMPACT OF A GUILTY PLEA ON DEFENDANT'S APPELLATE RIGHTS.

{¶ 8} In his first assignment of error, appellant argues that his guilty plea was not knowing, intelligent, or voluntary because he was not advised of the impact of a guilty plea on his appellate rights. We find no merit to appellant's argument.

{¶ 9} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Butcher*, 12th Dist. Butler No. CA2012-

---

1. Appellant was sentenced to "time served" on the remaining misdemeanor theft charge.

10-206, 2013-Ohio-3081, ¶ 8. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7. To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Id.*

{¶ 10} As relevant here, pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the trial court to verify the defendant understands the constitutional rights he is waiving. *State v. Shavers*, 12th Dist. Butler No. CA2014-05-119, 2015-Ohio-1485, ¶ 9. However, the trial court need only substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Id.* Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether the defendant subjectively understood the effects of his plea. *State v. Givens*, 12th Dist. Butler No.

CA2014-02-047, 2015-Ohio-361, ¶ 12.

{¶ 12} On appeal, appellant argues that the trial court erred by failing to advise him of the impact of a guilty plea on his appellate rights. Thus, appellant maintains that he was not "fully informed of the consequences of his plea, and, as such, the plea was not valid." However, this court has previously held that the failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy. *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572, ¶ 13.

{¶ 13} Following review of the record, we find that appellant's plea was knowingly, intelligently, and voluntarily entered. The record reveals that the trial court strictly complied with Crim.R. 11(C)(2)(c) and substantially complied with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). Appellant affirmatively stated that he understood his rights and entered his guilty plea. As a result, we find appellant's plea was knowingly, voluntarily, and intelligently given. Furthermore, we note that appellant fails to identify any error in the proceedings that could have been remedied if properly advised of his appellate rights. This court has previously rejected claims where there is a failure to identify prejudice regarding the notification of appellate rights. *See e.g., State v. Wolf*, 12th Dist. Clermont No. CA2016-05-027, 2016-Ohio-8103, ¶ 10 (affirming denial of postconviction). As a result, appellant's first assignment of error is not well-taken and is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT DID ERR BY IMPOSING CONSECUTIVE PRISON SENTENCES.

{¶ 16} In his second assignment of error, appellant argues that the trial court erred by imposing consecutive sentences. We disagree.

{¶ 17} This court reviews felony sentences pursuant to the standard of review set

- 4 -

forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 18} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately

reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 19} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id*. Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id*. The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 20} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered appellant's sentences to be served consecutively. The trial court noted that the offenses were more serious because they were committed as an offense for hire or as part of organized criminal activity and counts one and three were committed in the vicinity of a juvenile. The court also noted that appellant posed a high risk of recidivism. Appellant has a lengthy criminal history that includes several prior felony and misdemeanor convictions over the past 20 years. Appellant has not responded favorably to sanctions previously imposed for criminal convictions. The trial court also found that there were no factors that mitigated his conduct.

{¶ 21} The trial court later memorialized the R.C. 2929.14(C)(4) findings within its sentencing entry. From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with the dictates

of R.C. 2929.14(C)(4). As a result, we find appellant's second assignment of error to be without merit and it is hereby overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.