JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Leroy Lynch, appeals the decision of the Cuyahoga County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we reverse and remand for the trial court to *Page 3 
reenter the judgment of conviction against Lynch that was imposed on January 31, 2006 and journalized February 7, 2006, thus reinstating the time within which Lynch may timely file a notice of appeal on the resentencing.
 {¶ 2} Lynch was convicted of murder, felonious assault, aggravated robbery, tampering with evidence, and having a weapon while under a disability. Lynch appealed, and this court reversed and remanded the case for resentencing, finding that the trial court erred when imposing maximum, consecutive sentences. See State v. Lynch, Cuyahoga App. No. 84637, 2005-Ohio-3392. Lynch was resentenced on January 31, 2006.
 {¶ 3} At the sentencing hearing, Lynch's attorney informed the trial court that Lynch intended to appeal his new sentence and would need an appellate counsel appointed. On May 24, 2006, the trial court appointed appellate counsel for Lynch. The appointment came 113 days after Lynch's resentencing and 76 days after the deadline to file a notice of appeal.
 {¶ 4} Lynch filed a notice of appeal and a motion for delayed appeal, but this court denied the motion on July 11, 2006. State v. Lynch (July 11, 2006), Cuyahoga App. No. 88261. Lynch filed a motion to reconsider, but it was also denied.
 {¶ 5} In the trial court, Lynch filed a petition for postconviction relief pursuant to R.C. 2953.08 and State v. Gover (1995),71 Ohio St.3d 577. Lynch asked the trial court to vacate its previous judgment and reenter judgment *Page 4 
because of the trial court's failure to timely appoint appellate counsel, which failure denied his constitutional right to an attorney. The trial court denied Lynch's petition. Lynch appeals, advancing two assignments of error for our review. Lynch's first assignment of error states the following:
 {¶ 6} "I. The trial court erred by denying a postconviction petition to correct an error in the pre-appellate process that had the same effect as if the trial court had not appointed appellate counsel. The error violated Mr. Lynch's right to appeal, his right to counsel, and his right to the effective assistance of counsel under the Sixth andFourteenth Amendments to the United States Constitution."
 {¶ 7} Lynch argues that the trial court should have vacated its previous judgment and reentered judgment against him, thus allowing him to file a timely appeal pursuant to App.R. 4(A). Lynch relies onState v. Gover (1995), 71 Ohio St.3d 577, for his position.
 {¶ 8} In Gover, the defendant informed the trial court at sentencing that he wanted to appeal and requested that the trial court appoint an appellate counsel for him. The trial court appointed, but did not notify, appellate counsel. Obviously Gover's notice of appeal was not filed within thirty days of the judgment entry as required by App.R. 4(A). Ten months later, the defendant realized that something had gone wrong with his appeal, so he filed a pro se *Page 5 
motion for delayed appeal. Gover filed two additional motions for delayed appeal, each of which was denied by the appellate court.
 {¶ 9} Eventually appellate counsel was notified, and he filed a motion for reconsideration or, alternatively, a motion requesting that the court grant a reopening of Gover's appeal pursuant to State v.Murnahan (1992), 63 Ohio St.3d 60. Both motions were denied. Gover appealed to the Supreme Court of Ohio.
 {¶ 10} The Supreme Court of Ohio reiterated that "[a] convicted defendant has a constitutional right to counsel on direct appeal to the Court of Appeals from his judgment of conviction." Id., quotingState v. Catlino (1967), 10 Ohio St.2d 183, paragraph one of the syllabus. See, also, Crim.R. 44(A). The court found that the failure of the trial court to notify the appointed counsel of his appointment had the same effect as if the trial court had not appointed counsel, thus denying Gover his right to counsel.
 {¶ 11} Since Gover's motion for delayed appeal was denied, his remedy was to file a petition for postconviction relief under R.C. 2953.21. The Supreme Court stated that "[t] he appropriate avenue of relief in this case is for the trial court to reenter the judgment against the defendant, with the result of reinstating the time within which the defendant may timely file a notice of appeal pursuant to App.R. 4(A)." Id. at 581.
 {¶ 12} We find Gover to be analogous to this case. Lynch was not appointed appellate counsel until 76 days after his notice of appeal was due, which *Page 6 
effectively denied Lynch his right to counsel. Lynch filed motions for delayed appeal, which were denied. Lynch then properly filed a petition for postconviction relief, which was denied. We find that the trial court erred when it failed to appoint appellate counsel within Lynch's appeal time, and when it denied Lynch's motion for postconviction relief. Therefore, the appropriate avenue of relief is for the trial court to reenter the judgment of conviction against Lynch that was imposed on January 31, 2006 and journalized February 7, 2006, thus reinstating the time within which Lynch may file a timely notice of appeal on the resentencing.
 {¶ 13} Accordingly, Lynch's first assignment of error is sustained.
 {¶ 14} In light of our decision in the first assignment of error, Lynch's second assignment of error is deemed moot.
Judgment reversed and case remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1