[Cite as *State v. Gum*, 2014-Ohio-401.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100156**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEREMY J. GUM

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-528313

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, Ohio   44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adam M. Chaloupka
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant Jeremy J. Gum appeals from the decision of the trial court that denied his motion for resentencing. For the reasons stated herein, we reverse and remand with instructions for the trial court to vacate the judgment imposed on November 10, 2009, and journalized on November 13, 2009, and to reenter the judgment of conviction against Gum, thereby reinstating the time within which Gum may timely file a notice of appeal.

{¶2} On November 10, 2009, Gum was sentenced in Cuyahoga C.P. No. CR-528313 on eight counts, which included two one-year firearm specifications, to a total aggregate prison term of eight years. The sentence was run consecutive to a one-year sentence imposed on the same date in Cuyahoga C.P. No. CR-527195. He filed untimely notices of appeal, and he was denied leave to file a delayed appeal.

{¶3} On April 11, 2013, Gum filed a pro se motion for resentencing pursuant to Crim.R. 32(B), in which he argued that the trial court failed to notify him of his appellate rights. To his motion, he attached the sentencing transcript, which contains no mention of an advisement of appellate rights. However, as indicated by the state, "the state mistakenly argued that Gum failed to provide any evidence that he was not advised of his appellate rights at sentencing when it responded to Gum's motion * * *." As a result of this oversight, the trial court denied the motion. Gum timely appealed.

{¶4} In his sole assignment of error, Gum argues that the trial court abused its discretion in denying his motion for resentencing because the court failed to advise him of his appellate rights, including his right to appeal his sentence and his right to counsel for appeal. A review of the sentencing transcript supports his argument, and the state concedes the error. Gum also demonstrates that he suffered prejudice because he was not made aware of his right to challenge his sentence, which he asserts contains an allied-offenses error, and he was denied leave to file a delayed appeal.

{¶5} Gum's motion for resentencing, which was filed after being denied leave to file a delayed appeal, effectively constituted a petition for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).[1] The trial court erred in denying this motion. *See State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995). The appropriate avenue of relief is for the trial court to reenter the judgment of conviction against Gum, thereby reinstating the time within which he may timely file a notice of appeal pursuant to App.R. 4(A). *See Gover* at 581; *State v. Lynch*, 8th Dist. Cuyahoga No. 88899, 2007-Ohio-4678, ¶ 12.[2]

{¶6} Judgment reversed. Case remanded with instructions.

---

[1] "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *Id.*

[2] We note that the appropriate relief is not for a complete resentencing hearing. Rather, consistent with *Gover*, the trial court shall vacate the original judgment entry and reenter the judgment of conviction in order to reinstate the time for a timely appeal.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR