[Cite as *State v. Nix*, 2018-Ohio-4702.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 106894

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## BOBBY NIX, II

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-623461

**BEFORE:** E.A. Gallagher, A.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANT**

Amichai Eitan Zukowsky
Zukowsky Law Firm L.L.C.
23811 Chagrin Boulevard, Suite 160
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Khalilah Lawson
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Bobby Nix, appeals his sentence after he pled guilty to one count of drug possession and was sentenced accordingly. Nix contends his sentence should be vacated because the trial court failed to advise him of his right to appeal as set forth in Crim.R. 32(B). Finding no merit to his appeal, we affirm.

{¶2} On January 30, 2018, Nix pled guilty to one count of drug possession in violation of R.C. 2925.11 and the trial court sentenced him to 11 months in prison, plus three years' discretionary postrelease control.

{¶3} On March 5, 2018, Nix filed, pro se, a notice of appeal, a motion for leave to file a delayed appeal based on the trial court's failed to advise him of his appellate rights at sentencing and a motion for appointment of counsel. This court granted Nix's motion for leave to file a delayed appeal and appointed counsel to represent him. In his sole assignment of error, Nix

contends that his sentence should be vacated because the trial court failed to notify him of his appellate rights after sentencing, in violation of Crim.R. 32(B).

{¶4} Crim.R. 32(B) provides, in relevant part:

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Upon defendant's request, the court shall forthwith appoint counsel for

appeal.

{¶5} In this case, the transcript from the sentencing hearing contains no advisement of Nix's appellate rights under Crim.R. 32(B). However, we find the trial court's failure to notify Nix of his appellate rights to be harmless. Nix has not claimed (much less demonstrated) any prejudice as a result of the trial court's error.

{¶6} As this court has previously held, a trial court's failure to advise a defendant of his or her appellate rights at sentencing renders the sentence voidable, not void. *See, e.g., State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 36, fn. 6 (8th Dist.), citing *State v. Gum*, 8th Dist.

Cuyahoga No. 101496, 2015-Ohio-1539, ¶ 8. Where the trial court fails to advise a defendant of his appellate rights at sentencing, the remedy is not "a complete re-sentencing hearing"; it is to have the trial court reenter the judgment of conviction against the defendant, thereby reinstating the time within which the defendant may file a notice of appeal pursuant to App.R. 4(A). *See, e.g., Davner* at ¶ 36, fn.6; *State v. Gum*, 8th Dist. Cuyahoga No. 100156, 2014-Ohio-401, ¶ 5, fn. 2.

{¶7} In this case, after his sentencing, Nix filed, pro se, a motion for leave to file a delayed appeal. Because Nix's motion to file a delayed appeal was granted and counsel was appointed to represent him in the appeal, Nix was "able to effect a timely appeal through counsel" and has not been prejudiced by the trial court's failure to advise him of his appellate rights. *State v. El*, 8th Dist. Cuyahoga No. 105089, 2017-Ohio-8165, ¶ 13. Accordingly, the trial court's failure to notify Nix of his right to appeal his sentence is, therefore, harmless. *See, e.g., id.* at ¶ 12-13; *State v. Hunter*, 8th Dist. Cuyahoga No. 99472, 2013-Ohio-5022, ¶ 24; *see also State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214, ¶ 38 (defendant's argument that the trial court failed to advise him of his appellate rights under Crim.R. 32(B) was "moot" where appellate court granted defendant's motion for delayed appeal and subsequently appointed appellate counsel to represent him in the appeal).

{¶8} Further, the only error Nix has claimed in this appeal is the trial court's failure to notify him of his appellate rights. Nix has not claimed the existence of any other error for which he contends relief would be warranted on appeal.

{¶9} Nix's assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR