[Cite as *State v. Day*, 2019-Ohio-4163.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108094 |
| v. | : | |
| REGINALD DAY, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-09-522794-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer Meyer, Assistant Prosecuting Attorney, *for appellee.*

Reginald Day, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Reginald Day, appearing pro se, appeals from the trial court's denial of his motion for postconviction relief. We affirm.

{¶ 2} On appeal, Day assigns a single error for review:

The trial court erred in not resentencing the appellant to a valid lawful sentence that comports with Criminal Rule 32(B) and does not violate the appellant's due process rights.

**Relevant Procedural and Factual Background**

{¶ 3} In 2010, Day pleaded guilty to counts of murder, kidnapping and aggravated robbery, each with an attached three-year firearm specification. The trial court imposed a sentence of 21 years to life in prison. Day did not file a direct appeal.

{¶ 4} In 2011, Day filed a "Petition to Void Sentence" with the trial court. In it he claimed that the court "failed to advise [him] of his right to appeal the sentence or the right to seek leave to appeal the sentence imposed * * *." The trial court denied his petition. Day did not appeal.

{¶ 5} In 2018, Day filed the underlying petition for postconviction relief with the trial court. In this petition, Day reasserted the claim that he was never advised of his appellate rights in violation of Crim.R. 32(B). The trial court denied the motion. This appeal follows.

**Law and Analysis**

{¶ 6} A trial court's jurisdiction to entertain a petition for postconviction relief is statutorily limited. Under R.C. 2953.21(A)(2), where no direct appeal is taken, a petition for postconviction relief must be filed no later than 365 days after the expiration of the time for filing the appeal.[1] "This court considers the date of the

---

[1] Under the prior version of the statute, a petitioner was given 180 days after the deadline for filing an appeal.

triggering event, i.e., the filing of the postconviction petition, to determine which version of the statute governs." *State v. Thomas*, 8th Dist. Cuyahoga No. 103784, 2016-Ohio-3327, ¶ 8-11. In general, a trial court lacks jurisdiction to entertain an untimely petition, a "second petition or successive petitions for similar relief." *State v. Jones*, 8th Dist. Cuyahoga No. 104667, 2017-Ohio-1052, ¶ 11, citing R.C. 2953.23(A).

{¶ 7} Nevertheless, pursuant to limited exception in R.C. 2953.23(A), a trial court may entertain an untimely, second or successive petition where the petitioner meets two requirements. *See State v. Jones*, 8th Dist. Cuyahoga No. 104687, 2017-Ohio-1052, ¶ 11. Day does not claim to meet the R.C. 2953.23(A) requirements.

{¶ 8} Day's failure to meet the requirements notwithstanding, the R.C. 2953.23(A) exception does not apply here because Day pleaded guilty. *See State v. Ward*, 8th Dist. Cuyahoga No. 105001, 2017-Ohio-2990, ¶ 5 ("[The R.C. 2953.23(A) exception] is not available to offenders who plead guilty or no contest to the charges underlying their convictions."). The trial court thus had no jurisdiction to consider the merits of his claim. The court was correct to deny Day's petition.

{¶ 9} Finally, we reject Day's characterization of his sentence as void. A trial court's failure to advise a defendant of his or her appellate rights at sentencing renders the sentence voidable, not void. *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702, ¶ 6.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR