[Cite as *State v. Johnson*, 2020-Ohio-2826.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                   No. 108661

    v.                                      :

KWAIMANE JOHNSON,                        :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  May 7, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-633200-B and CR-18-635631-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory Ochocki, Assistant Prosecuting
Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1}  Defendant-appellant Kwaimane Johnson ("Johnson") appeals his convictions in two cases.  Finding no merit to the appeal, we affirm.

{¶ 2}  In Cuyahoga C.P. No. CR-18-633200-B, Johnson was indicted on two counts of aggravated robbery and one count each of theft, having weapons

while under disability, and grand theft.  The aggravated robbery and theft counts contained one- and three-year firearm specifications.  Johnson was also indicted in Cuyahoga C.P. No. CR-18-635631-A on one count each of aggravated robbery, grand theft (motor vehicle), carrying a concealed weapon, having weapons under disability, and theft.  The aggravated robbery and grand theft counts contained one- and three-year firearm specifications.

{¶ 3} In May 2019, Johnson entered guilty pleas in both cases.  In Case No. CR-18-633200-B, he pleaded guilty to an amended count of robbery, in violation of R.C. 2911.02(A)(1), with a one-year firearm specification.  In Case No. CR-18-635631-A, Johnson pleaded guilty to one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a three-year firearm specification.  The remaining counts in both cases were nolled and the parties jointly recommended a 12-year sentence.  The trial court imposed the recommended sentence at a later sentencing hearing.

{¶ 4} It is from this plea and sentence that Johnson now appeals, raising two assignments of error for our review:

    I.    Failure to advise Mr. Johnson of his appellate rights renders his sentence void.

    II.    Mr. Johnsons' plea was not knowing, intelligent, or voluntary when he was never informed of his appellate rights or the implications that entering a jointly recommended sentence could have on his appellate rights.

{¶ 5} In the first assignment of error, Johnson contends that his sentence is void because the trial court failed to advise him of his right to appeal.

{¶ 6} Crim.R. 32(B) provides that "[a]fter imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed" and shall also inform the defendant of certain rights, including the right to counsel and the right to a timely appeal. This court has held that the trial court's failure to advise a defendant of his or her appellate rights renders the sentence voidable, not void. *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702, ¶ 6, citing *State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247 (8th Dist.). When a trial court fails to advise a defendant of his or her appellate rights at sentencing, the remedy is not a complete resentencing hearing, it is to have the trial court reenter the judgment of conviction against the defendant, thereby reinstating the time within which the defendant may file a notice of appeal pursuant to App.R. 4(A). *Nix* at ¶ 7.

{¶ 7} After sentencing, Johnson filed a timely notice of appeal and was subsequently appointed counsel to represent him. Counsel secured a copy of the transcript at the state's expense. Thus, the trial court's failure to advise Johnson of his appellate rights was harmless and did not render his sentence void. *See id.*

{¶ 8} The first assignment of error is overruled.

{¶ 9} In the second assignment of error, Johnson contends that the trial court's failure to advise him of his appellate rights rendered his plea invalid.

{¶ 10} Johnson argues that his guilty pleas were not knowingly, voluntarily, and intelligently made because the trial court failed to inform him that

he would be waiving his right to appeal his sentence. Johnson does not argue that the trial court failed to comply with Crim.R. 11 during his plea hearing; his sole argument is that the trial court's failure to advise him of his appellate rights rendered his plea void.

{¶ 11} This court has consistently held that the failure to file a Crim.R. 32.1 motion to withdraw a plea or otherwise challenge a guilty plea at the trial court level constitutes a waiver of the issue on appeal. *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, 7 (Nov. 18, 1999); *State v. Betances*, 8th Dist. Cuyahoga No. 70786, 1997 Ohio App. LEXIS 3011 (July 10, 1997); s*ee also State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

{¶ 12} Notwithstanding Johnson's failure to properly preserve the issue, we review this case for plain errors or defects affecting substantial rights under Crim.R. 52(B). *Carmon* at 8. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error will be recognized only where, but for the error, the outcome of the case would clearly have been different. *State v. Sanders*, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001). The Ohio Supreme Court has admonished courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

{¶ 13} A trial court's duty to advise a defendant of his or her right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently. *State v. Allen*, 9th Dist. Summit Nos. 27494 and 28213, 2017-Ohio-2831, ¶ 15, citing *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354. "The failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy." *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12, citing *State v. Moxley*, 12th Dist. Madison No. CA2011-06-010, 2012-Ohio-2572.

{¶ 14} Additionally, we note that R.C. 2953.08(D)(1) limits an appellate court's ability to review an agreed sentence. The statute provides:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

*Id.* "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all the mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 21. The Ohio Supreme Court has stated that the "General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer

needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

{¶ 15} Finally, we note that a trial court is not required to advise a defendant of the R.C. 2953.08(D) bar to appellate review before imposing a jointly recommended sentence that falls within the statutory range of available sentences. *State v. Robinson*, 8th Dist. Cuyahoga Nos. 89222 and 89223, 2008-Ohio-224, ¶ 14, citing *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 10; *see also Nix*, 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702 at ¶ 7 (because the appellant filed a delayed notice of appeal and was assigned counsel, appellant was "able to effect a timely appeal through counsel" and was not prejudiced by the trial court's failure to advise him of his appellate rights). The jointly recommended sentence imposed in this case fell within the statutory range and complied with all mandatory sentencing provisions.

{¶ 16} Accordingly, the second assignment of error is overruled.

{¶ 17} The trial court was not required to inform Johnson of his appellate rights at the plea hearing. Any error in the trial court's failure to inform Johnson of his appellate rights at his sentencing hearing was harmless because Johnson was able to effectuate a timely appeal.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR