[Cite as *State v. Collins*, 2022-Ohio-452.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                          :        APPEAL NO. C-210294
                                                 TRIAL NO. B-2002497
    Plaintiff-Appellee,            :

  vs.                                  :        *O P I N I O N.*

RICO COLLINS,                           :

    Defendant-Appellant.           :



Criminal Appeal From:    Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 16, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill, LLC,* and *John D. Hill, Jr.*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    In this appeal, we consider the effect of trial counsel's permitting a defendant to plead guilty, as opposed to no contest (thereby waiving his right to appeal the trial court's ruling on his motion to suppress), when counsel knew it was defendant's intent to appeal the denial of his motion to suppress.

{¶2}    Defendant-appellant Rico Collins appeals both the trial court's judgment convicting him, following guilty pleas, of possession of a fentanyl-related compound and carrying a concealed weapon and the trial court's entry denying his motion to withdraw the guilty pleas.  In three assignments of error, Collins argues that his guilty pleas were not entered knowingly, voluntarily, and intelligently, that he received ineffective assistance from his trial counsel, and that the trial court abused its discretion in denying his motion to withdraw his guilty pleas.

{¶3}    Because Collins's trial counsel rendered ineffective assistance by allowing Collins to plead guilty without re-advising him that a guilty plea would result in the waiver of his right to challenge the trial court's denial of his motion to suppress on appeal, we reverse the trial court's judgment and remand for further proceedings.

*Factual and Procedural Background*

{¶4}    Collins was indicted for aggravated possession of drugs, possession of a fentanyl-related compound, improperly handling a firearm in a motor vehicle, and carrying a concealed weapon.  He filed a motion to suppress, arguing that the warrantless stop of his vehicle that led to his arrest was conducted without reasonable suspicion, and that officers lacked probable cause to search his vehicle

without a warrant. Following a hearing, the trial court denied the motion to suppress. Collins subsequently pled guilty to possession of a fentanyl-related compound and carrying a concealed weapon. The remaining two charges were dismissed. The trial court sentenced Collins to two years of intensive supervision community control.

{¶5} Approximately two weeks after Collins was sentenced, his appointed appellate counsel filed a motion to withdraw his guilty pleas. The motion argued that Collins had not knowingly or intelligently tendered his guilty pleas because he was unaware that by pleading guilty, he waived his right to challenge on appeal the trial court's denial of his motion to suppress. Counsel further argued that Collins's trial counsel was ineffective for failing to advise Collins of the effect of pleading guilty on his ability to appeal the denial of his motion to suppress. Collins asked the trial court to allow him to withdraw his guilty pleas and enter pleas of no contest to all charges in the indictment, apparently recognizing that the state was unlikely to offer the plea deal dismissing some of the charges if Collins would not agree in exchange to plead guilty.

{¶6} At a hearing on the motion to withdraw, trial counsel for Collins stated that she had explained to Collins after the motion-to-suppress hearing "that if he wished to appeal that [denial] we would have to enter a no contest plea." Counsel further stated that a plea date was set for approximately one month after the suppression hearing, and that "I came in with Mr. Collins and we pled guilty. It was his intention to plead no contest. I don't think that he fully understood by pleading guilty that he was giving up his right to appeal the motion to suppress based on my understanding of what he wanted at that time." Collins's appellate counsel also

3

stated on the record that Collins had told him that it was Collins's intention to appeal the denial of his motion to suppress.

{¶7} The trial court denied Collins's motion to withdraw the guilty pleas, and Collins now appeals.

### *Voluntary Nature of Pleas*

{¶8} In his first assignment of error, Collins argues that his guilty pleas were not entered knowingly, voluntarily and intelligently because the pleas were predicated on his mistaken belief that he had preserved the right to appeal the trial court's denial of his motion to suppress.

{¶9} Crim.R. 11(C)(2) requires a trial court, before accepting a guilty plea to a felony offense, to address the defendant and verify that the defendant is entering the plea voluntarily, with an understanding of the effect of the plea, the nature of the charges, and the maximum penalty available. The court must additionally inform the defendant of various constitutional rights that the defendant is waiving by entering a guilty plea. *State v. Giuggio*, 1st Dist. Hamilton No. C-170133, 2018-Ohio-2376, ¶ 5; *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶10} The trial court in this case fully complied with the requirements of Crim.R. 11(C). The court was not required to inform Collins prior to accepting his plea that entering a guilty plea would waive his right to challenge the trial court's denial of his motion to suppress on appeal. *State v. Jones*, 1st Dist. Hamilton No. C-050833, 2006-Ohio-4284, ¶ 8; *State v. Johnson*, 8th Dist. Cuyahoga No. 108661, 2020-Ohio-2826, ¶ 13, quoting *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12 ("The failure to inform a defendant that a guilty plea

waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy.").

{¶11} The trial court's failure to convey to Collins the effect of the guilty pleas on his ability to challenge the denial of his motion to suppress on appeal did not render his pleas unknowing, involuntary, or unintelligent. The first assignment of error is accordingly overruled.

### *Ineffective Assistance of Counsel*

{¶12} In his second assignment of error, Collins argues that he received ineffective assistance from his trial counsel because counsel failed to advise him that a guilty plea would waive his right to appeal the trial court's denial of his motion to suppress. "A defendant seeking to withdraw a guilty plea on the ground that counsel was ineffective must show that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. James*, 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, ¶ 21; *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).

{¶13} The Second District has held that to establish ineffective assistance for allowing a defendant to plead guilty as opposed to no contest, a defendant must establish that "(1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have rejected the plea offer." *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 82 (2d Dist.).

5

{¶14} In the case at bar, although Collins pled guilty to two charges in return for the dismissal of the two remaining charges, he need not establish that the state would have agreed to a no-contest plea on the same terms because he asserts that he would have pled no contest to all four charged offenses.

{¶15} Trial counsel's own admission at the hearing on the motion to withdraw establishes a deficient performance and that counsel failed to properly re-advise Collins regarding the effect of a guilty plea on his ability to appeal the denial of his motion to suppress. As set forth above, trial counsel stated that despite having initially told Collins that he would have to plead no contest in order to challenge the denial of his motion to suppress, she later allowed Collins to return to court and enter guilty pleas even though his intention had been to preserve his right to appeal.

{¶16} Having found that counsel's performance was deficient and fell below an objective standard of reasonableness, we now consider whether Collins would not have pled guilty if he had been properly advised on the effects of his plea. *James,* 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, at ¶ 21; *Frazier*, 2016-Ohio-727, 60 N.E.3d 633, at ¶ 82. Collins's trial counsel stated on the record that Collins intended to plead no contest and that he did not understand that he gave up his right to appeal the denial of the motion to suppress by pleading guilty. And his appointed appellate counsel stated that Collins's intention was to appeal the trial court's ruling on his suppression motion.

{¶17} The record establishes that Collins intended to appeal the denial of his motion to suppress, and that he would not have pled guilty if he had understood that a guilty plea waived his right to do so. We therefore hold that Collins has established that his trial counsel rendered ineffective assistance by failing to advise

him that a guilty plea would waive his right to appeal the trial court's denial of his motion to suppress and by allowing him to plead guilty, as opposed to no contest.

{¶18} Citing to *State v. Smith*, 5th Dist. Muskingum No. CT2020-0022, 2020-Ohio-5241, the state argues that Collins has not demonstrated prejudice resulting from counsel's deficient performance because he made no showing that he would ultimately be successful in appealing the trial court's denial of his motion to suppress. In *Smith*, the appellant argued that his trial counsel was ineffective for failing to advise him that a no-contest plea would have preserved the right to challenge the denial of his motion to suppress on appeal. *Id.* at ¶ 26. The court found that appellant was not prejudiced by counsel's failure to advise him to plead no contest because he had "not affirmatively demonstrated he would have been successful in an appeal from the trial court's denial of his motion to suppress." *Id.* at ¶ 29.

{¶19} In our view, *Smith* places too onerous a burden on a defendant to establish prejudice resulting from counsel's deficient performance. Case law is clear that the test for prejudice is not whether a defendant would have ultimately been successful in challenging the trial court's ruling on a motion to suppress, but rather whether the defendant would have pled guilty if she or he had been properly advised. *James*, 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, at ¶ 21; *Frazier*, 2016-Ohio-727, 60 N.E.3d 633, at ¶ 82.

{¶20} Having found that Collins received ineffective assistance from his trial counsel, we sustain the second assignment of error.

### *Motion to Withdraw Guilty Plea*

**{¶21}** In his third assignment of error, Collins argues that the trial court abused its discretion by denying his motion to withdraw his guilty pleas. Our ruling on Collins's second assignment of error renders this argument moot.

### *Conclusion*

**{¶22}** Having found that Collins received ineffective assistance from his trial counsel, we reverse the trial court's judgment and remand the case for further proceedings consistent with the law and this opinion.

*Judgment reversed and cause remanded.*

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.