[Cite as *State v. Collins*, 2022-Ohio-4353.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220147 |
|  |  | TRIAL NO.  B-2002497 |
| Plaintiff-Appellee, | : |  |
|  |  |  |
| vs. | : |  |
|  |  | *O P I N I O N.* |
| RICO COLLINS, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 7, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill* and *John D. Hill*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} This is the second time this case has been before us. Originally, defendant-appellant Rico Collins entered guilty pleas following the trial court's denial of his motion to suppress evidence. We reversed his convictions, holding that his trial counsel had been ineffective by allowing him to plead guilty instead of no contest and by failing to advise him that his guilty pleas waived his right to appeal the denial of his motion to suppress. *State v. Collins*, 2022-Ohio-452, 185 N.E.3d 146 (1st Dist.).

{¶2} On remand, Collins entered pleas of no contest to aggravated possession of drugs, fentanyl possession, improper handling of a firearm in a motor vehicle, and carrying a concealed weapon. The trial court found him guilty and imposed a one-year term of intensive-supervision community control for each of the offenses.

{¶3} In two assignments of error, Collins argues that the trial court erred by overruling his motion to suppress evidence and by failing to merge the weapons offenses for sentencing purposes. We hold that the court properly denied the motion to suppress because the police officer's approach and questioning of Collins, who was seated in a parked vehicle, was a consensual encounter that did not require reasonable suspicion of criminal activity. However, because the offenses of carrying a concealed weapon and improper handling of a firearm in a motor vehicle were allied offenses of similar import, we hold that the trial court erred by imposing separate sentences for each of those offenses.

### The Suppression Hearing

{¶4} At the hearing on Collins's motion to suppress, the state presented the testimony of Cincinnati Police Officer Joshua Condon, and the parties jointly submitted video footage from another officer's body-worn camera.

{¶5} Officer Condon testified that on May 22, 2020, he was part of a gun-crime task force working in the West End neighborhood when a plainclothes officer reported that he witnessed an illegal dice game in the vicinity. According to Officer Condon, police know dice games "for the high level of drugs and guns associated with

them." By the time that Officer Condon arrived on the scene, other police officers there had already arrested several people involved in the dice game.

{¶6} Officer Condon noticed a car "with very heavy tint[ed]" windows that was parked on the street, about ten to 15 feet from the stoop where the dice game had been played. The car was running, but due to the "[v]ery, very dark" tint of its windows, the officer was unable to see if there were any occupants in it. The officer testified that a tinted-windows violation is a citable offense.

{¶7} As Officer Condon approached the car, he could see at least two individuals "laid back in the seats." He knocked lightly on the driver's window and asked Collins, who was seated in the driver's seat, to roll down the window. When Collins did so, the officer asked if he had identification, and Collins produced an ID for the officer. At some point, the officer noticed that there was a third individual in the back seat of the car.

{¶8} The officer testified that Collins "kept reaching toward the center console." While Collins was handing over his ID or while the officer was looking at the ID, the officer noticed a bag of pills in plain view on the seat between Collins's legs "that [Collins] attempted to conceal." The officer said:

> It looked to me like it was what ended up being meth pills. So multi - -
> multiple colored meth stamped to look like ecstasy. I believe some of
> them were chipped off and broken * * * because there was a powder
> residue as well.

{¶9} Police removed the occupants from the car and then searched the car. In addition to recovering the bag of pills from where Collins had been sitting, officers found a bag of cocaine in the center console and a gun under the driver's seat.

{¶10} At the conclusion of the hearing, the trial court denied the motion to suppress. It found that police had reasonable suspicion to approach Collins's car because it was a "high-crime area, lots of guns and drugs in that area." The court found

that police "had every right to go and investigate, especially a car running, with heavy window tint, to see who's in the car."

### The Motion to Suppress

{¶11} In his first assignment of error, Collins argues that the trial court erred by denying his motion to suppress evidence obtained during the search of the car. He does not contest that the drugs in plain view on his lap provided a valid basis for a search of the car—he challenges only the "validity of the original investigatory stop itself." He asserts that police initiated an investigatory stop without reasonable suspicion to approach his car and that the court should have suppressed the evidence obtained in the ensuing search.

{¶12} Appellate review of a motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We must accept the trial court's factual findings if they are supported by competent, credible evidence, but we review de novo the trial court's application of the law to those facts. *Id.* In this case, we hold that the trial court properly denied the motion to suppress, but on different grounds. Contrary to the trial court's determination that the stop was an investigatory one requiring reasonable suspicion of criminal activity, we hold that the encounter between Collins and police was consensual and did not require any suspicion of criminal activity.

{¶13} For purposes of determining the protections afforded by the Fourth Amendment, the United States Supreme Court has identified three categories of police-citizen contacts: (1) a seizure that constitutes an arrest; (2) an investigative, or *Terry* stop; and (3) a consensual encounter. *State v. Mitchem*, 1st Dist. Hamilton No. C-130351, 2014-Ohio-2366, ¶ 17, citing *Florida v. Royer*, 460 U.S. 491, 501-507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). An arrest requires probable cause to believe that a person has committed an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *State v. Jordan*, 166 Ohio St.3d 339, 2021-Ohio-3922, 185 N.E.3d 1051, ¶ 19. An investigative stop requires reasonable suspicion of criminal activity.

4

*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). But a consensual encounter requires neither probable cause nor reasonable suspicion of criminal activity, and "will not trigger Fourth Amendment scrutiny[.]" *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *State v. Thomas*, 2017-Ohio-4068, 92 N.E.3d 93, ¶ 23 (8th Dist.).

{¶14} The Supreme Court has explained:

Our cases make it clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free "to disregard the police and go about his business," *California v. Hodari D.*, 499 U.S. 621, 628, 113 L.Ed.2d 690, 111 S.Ct. 1547 (1991), the encounter is consensual and no reasonable suspicion is required.

*Bostick* at 434. Therefore, an officer does not need reasonable suspicion to "ask questions of that individual [or to] ask to examine the individual's identification[.]" *Id*. at 434-435; *State v. Taylor*, 106 Ohio App.3d 741, 752, 667 N.E.2d 60 (2d Dist.1995).

{¶15} Even if a police officer approaches a parked car and questions the car's occupants, the officer's "conduct does not constitute a seizure and does not require a reasonable and articulable suspicion of criminal activity." *State v. Boys*, 128 Ohio App.3d 640, 642, 716 N.E.2d 273 (1st Dist.1998); *see State v. Gonzales*, 9th Dist. Medina No. 18CA0072-M, 2019-Ohio-1928, ¶ 15; *State v. Johnston*, 85 Ohio App.3d 475, 478, 620 N.E.2d 128 (4th Dist.1993). " 'Generally, when a police officer merely approaches and questions persons seated within parked vehicles, a consensual encounter occurs that does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts.' " *State v. Keister*, 2d Dist. Montgomery No. 29081, 2022-Ohio-856, ¶ 27, quoting *State v. Mayberry*, 2d Dist. Montgomery No. 23736, 2010-Ohio-4081, ¶ 25, quoting *State v. Jones*, 188 Ohio App.3d 628, 2010-Ohio-2854, 936 N.E.2d 529, ¶ 20 (10th Dist.).

**{¶16}** Contrary to Collins's argument that his encounter with Officer Condon was an investigatory stop requiring reasonable suspicion, the encounter was a consensual one. *See State v. Lyle*, 1st Dist. Hamilton No. C-190447, 2020-Ohio-4683, ¶ 19 (officer's knocking on the passenger window to ask if he or the driver had heard gunshots was a consensual encounter). The officer did not need reasonable suspicion to knock on the window of Collins's parked car or to ask for his identification. Therefore, we hold that the trial court properly denied Collins's motion to suppress. We overrule the first assignment of error.

### *Sentencing*

**{¶17}** In his second assignment of error, Collins argues that carrying a concealed weapon and improperly handling a firearm in a motor vehicle were allied offenses of similar import and that the trial court erred by failing to merge the offenses for sentencing. We review the trial court's determination regarding merger de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1; *State v. Smith*, 1st Dist. Hamilton No. C-190235, 2020-Ohio-3516, ¶ 5.

**{¶18}** Collins was convicted of carrying a concealed weapon under R.C. 2923.12(A)(2), which prohibits knowingly carrying or having concealed ready at hand, a handgun. He was also convicted of improper handling of a firearm in a motor vehicle under R.C. 2923.16(B), which provides: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

**{¶19}** Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, R.C. 2941.25(A) provides that the defendant may be convicted of only one offense. However, where the defendant's conduct constitutes two or more offenses of dissimilar import, or where the defendant's conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, R.C. 2941.25(B) provides that the defendant may be convicted of all of them.

**{¶20}** To determine whether carrying a concealed weapon and improper handling of a firearm in a motor vehicle were allied offense requiring merger, we must apply the three-part test set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Ruff* at ¶ 31; *State v. McAlpin*, Slip Opinion No. 2022-Ohio-1567, ¶ 194. An affirmative answer to any one of the *Ruff* questions means that the offenses are not allied offenses of similar import and that the defendant may be convicted of each of the offenses. *Ruff* at ¶ 31. The analysis is fact-dependent and focuses on the defendant's conduct. *Id.* at ¶ 26.

**{¶21}** In a case with similar facts, the Second District applied the *Ruff* test and concluded that the defendant's convictions for carrying a concealed weapon and improper handling of a firearm in a motor vehicle were allied offenses of similar import that should have merged. *See State v. Crossley*, 2020-Ohio-6639, 164 N.E.3d 585, ¶ 26 (2d Dist.). First, the court determined that the resulting harm in that case was the same for both offenses—a person has a readily accessible firearm that could be used to harm others—and therefore, the offenses were not dissimilar in import. *Id.* at ¶ 21. Second, the court found that the offenses in that case were not committed separately because both stemmed from the defendant's placing a loaded firearm under the front seat of his vehicle. *Id.* at ¶ 22. Finally, the court found that the defendant committed the offenses with a single animus, which was to hide a loaded firearm under the front seat of his vehicle. *Id.* at ¶ 25.

**{¶22}** We are persuaded by the Second District's reasoning in *Crossley*. Consequently, we hold that, under the facts of this case, the offenses of carrying a concealed weapon and improper handling of a firearm in a motor vehicle were not dissimilar in import, were not committed separately, and were not committed with a separate animus where Collins placed the loaded firearm under his seat. We recognize that under different facts, carrying a concealed weapon and improper handling might

7

be separate offenses under *Ruff*. But here, we hold that they are not and find that the trial court erred by sentencing Collins for both weapons offenses. We sustain the second assignment of error.

### *Conclusion*

**{¶23}** Because the offenses of carrying a concealed weapon and improper handling of a firearm in a motor vehicle were allied offenses of similar import, we vacate the sentences imposed for those offenses. We remand this matter to the trial court for the state to elect which allied offense to pursue for sentencing. The judgment of the trial court is otherwise affirmed.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry this date.